336 So.2d 337 (1976)
Ted F. DUNHAM, Jr., et al.,
v.
Katharine O. DUNHAM, Testamentary Executrix of the Succession of Ted F. Dunham, Sr.
No. 10838.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Rehearing Denied August 27, 1976.
Writ Refused November 16, 1976.
*338 David M. Ellison, Jr., Baton Rouge, for appellant.
John S. White, Jr., Baton Rouge, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge.
This is an appeal from a judgment sustaining an exception of no cause of action, and dismissing plaintiffs' suit. The allegations of the petitions, and the documents attached thereto, reveal the following facts, which, for the purposes of the exception, are assumed to be true.
Winn-Rock, Inc. is a Louisiana corporation, domiciled in East Baton Rouge Parish. The original shareholders were Ted F. Dunham, Sr., Katharine O. Dunham, Ted F. Dunham, Jr. and Richard E. Dunham. On December 21, 1960, a special shareholders' meeting, attended by more than two-thirds of the shareholders, was held, and a resolution was unanimously adopted to amend the original charter so as to add the following article:
"ARTICLE X STOCK TRANSACTIONS
"It is the purpose and the intention of the incorporators to limit stock ownership in this corporation to persons employed by and/or actively participating in the business of the corporation. Accordingly, it is expressly stipulated that whenever a shareholder dies, or withdraws from the active participation of the business of the corporation, the heirs, successors or legal representatives of the deceased shareholder, or the inactive shareholder, as the case may be, must follow the procedure provided immediately following for the offering of said stock to the corporation and to the other shareholders. For the purposes of determining whether or not a shareholder has withdrawn from active participation in the business of the corporation, the decision of three-fourths of the elected membership of the Board of Directors shall be conclusive, unless patently arbitrary.
"No shareholder may sell any stock of this corporation without first offering it to this corporation at the book value thereof as shown by the last preceding quarterly financial statement of this corporation prepared in conformity with generally accepted accounting principles. Said offer must be made by delivering to the secretary of this corporation, against written receipt, the certificates representing said stock, endorsed in blank, and a written offer to sell said stock to this corporation, or to the other shareholders, for cash, at the value hereinabove mentioned. This corporation shall have the right, for a period of thirty (30) days from the delivery of such offer, and said certificates endorsed in blank, to the secretary of this corporation, to purchase the stock of said shareholder, for cash, at the book value thereof as shown by the last preceding quarterly financial statement prepared in conformity with generally accepted accounting principles.
"If the corporation does not purchase the stock offered within thirty (30) days from delivery of the offer, and said certificates endorsed in blank, to the secretary of this corporation, the secretary shall on the thirty-first day, direct a simple letter notice of the offer to every shareholder of record. Any shareholder shall have the right, for a period of fifteen (15) days from the expiration of the corporation's thirty (30) day delay, to notify the secretary of his intention to purchase the offered stock, for cash, at the book value thereof as shown by the last preceding *339 quarterly financial statement prepared in conformity with generally accepted accounting principles, together with a certified check for the price payable to the offeror.
"For these purposes, each shareholder shall have the right to purchase that part of the offered stock in the proportion that the stock he then owns bears to the total issued stock of the corporation, less the stock offered. The secretary will indicate in the notice the number of shares and fractions of shares to which each shareholder is entitled, and the price thereof in accordance with the offer.
"In the event that any shareholder does not purchase his pro rata share of the stock offered, those shares may be sold without further restriction, provided any shareholder may yield his rights to any other shareholder by simple letter, original copy to be filed with the secretary of the corporation.
"After the secretary has received the notices of intention by the shareholders to purchase, he shall immediately compile a list of such acceptances and the amount of shares accepted and mail the list to the offeror, together with the certified checks. The offeror shall execute a detailed assignment of his stock to each purchaser, and shall deliver the assignment to the secretary, who will then proceed to transfer the shares as in any other case.
"No sale of any of the stock of this corporation shall be valid and binding until and unless opportunity to purchase such shares has been given to this corporation and to the other shareholders in the manner provided in this article; and, this right so vested in this corporation and the shareholders thereof shall follow any of the stock of this corporation so sold without such opportunity being given into any hands into which it may pass. Such right may be exercised against the holders of such stock up to ninety (90) days after such shares are tendered for transfer on the books of this corporation, then no transfer of any such shares shall be made on the books of this corporation without the written consent of all of the other record holders of stock of this corporation, during the pendency of said ninety (90) day period.
"The right vested in this corporation and the shareholders thereof to purchase the stock of any shareholder of this corporation desiring to sell any stock of this corporation may be waived, in writing, by all of the other record shareholders of this corporation at any time. Each certificate of stock shall have on its face, `sale or transfer of this certificate subject to prior offer restrictions as contained in the articles of incorporation.'"
Ted F. Dunham, Sr., President of the corporation, was authorized and directed to execute the authentic act necessary to effectuate the amendment. On the same day, Mr. Dunham signed an act amending the Articles of Incorporation of Winn-Rock, Inc. However, he never went before a notary public, and the act was never fully executed and was not then filed for record, either in East Baton Rouge Parish or with the Secretary of State.
Mr. Dunham died on April 7, 1974, and Mrs. Katharine O. Dunham qualified as Testamentary Executrix of his succession. After his death, the amendment was found among Mr. Dunham's papers. Plaintiffs witnessed his signature thereon, and Richard E. Dunham went before a notary public and executed an acknowledgment thereof. The amendment was then filed with the Secretary of State, who accepted it for filing. On August 22, 1975, this suit was filed by Ted F. Dunham, Jr. and Richard E. Dunham, against Mrs. Dunham as Executrix, demanding that she be ordered to offer the decedent's shares of stock to the corporation or to the shareholders pursuant to the provisions of Article X of the Articles of Incorporation.
Mrs. Dunham filed peremptory exceptions of no cause of action, no right of action and non-joinder of herself, individually, and of Winn-Rock, Inc. as indispensable parties.
*340 A supplemental petition was filed by plaintiffs, joining Mrs. Dunham, individually, and Winn-Rock, Inc. as parties defendant. It further alleged that Ted F. Dunham, Sr. through error and inadvertence had failed to have the act amending the Articles of Incorporation properly notarized; that it had been found among his papers after his death; and that Richard E. Dunham had executed an acknowledgment as an attesting witness, and had caused the said amendment to be filed with the Secretary of State.
The peremptory exceptions filed by the Executrix allege that plaintiffs have no cause of action for three reasons: that the amendment never became effective; that, if effective, the amendment does not require that the decedent's shares be offered to the corporation; and that the amendment is subject to a suspensive condition. It further alleges that plaintiffs have no right of action as shareholders of Winn-Rock, Inc. to "seek redress for a corporation." The peremptory exception of nonjoinder was cured by the joinder of Mrs. Dunham individually, and Winn-Rock, Inc. as defendants. No pleadings have as yet been filed on their behalf.
After argument on the exceptions, the trial court found that the amendment was valid and binding as to the shareholders of the corporation, but sustained the exception of no cause of action in other respects, and also sustained the exception of no right of action. From the judgment dismissing their suit, plaintiffs have appealed.
At the time the amendment was adopted by the shareholders, R.S. 12:43 required that "an authentic act setting forth the amendment and the manner of adoption thereof shall be executed by such person or persons as the shareholders may have directed." Section B of R.S. 12:43 provides:
"B. The articles of amendment, or a multiple original thereof, shall be filed for record in the office of the recorder of mortgages for the parish in which the corporation has its registered office, and the recorder shall note thereon the date and hour of the filing thereof. Thereupon the amendment shall be effective."
In 1968, when the Business Corporation Law was adopted, R.S. 12:43 was supplanted by R.S. 12:32, which provides that "articles of amendment setting forth the amendment . . . shall be executed in the corporation's name by the president . . . and by the secretary . . . The articles of amendment shall be acknowledged by the president . . . or may instead be in the form of an authentic act." Section B thereof provides that the articles of amendment be filed with the Secretary of State, and that they become effective as of the date thereof.
The act evidencing the amendment in this case was in the form of an authentic act and signed by the president of the corporation. It was not properly notarized prior to the death of Mr. Dunham, Sr. After his death, R. E. Dunham, who was the Secretary of the corporation when the amendment was adopted, signed as a witness and acknowledged the signature of Mr. Dunham, Sr. before a notary public. At that time, of course, it was impossible to comply strictly with the provisions of either former R.S. 12:43 or R.S. 12:32.
Defendant contends that, since the statutes require the proper execution and recordation of the amendment before it becomes effective, the amendment can never have any effect, since it does not and can not comply with either the present or former provisions of law.
The trial judge, however, was of the opinion that the shareholders who voted for the adoption of the amendment were estopped to deny the validity or effectiveness thereof. He reasoned that, since the original articles of incorporation, which are attached to the supplemental petition, show defendant as owner of 49 per cent. of the stock of Winn-Rock, Inc., she must have voted for the amendment on December 21, 1960, only three months later. It is, of course, not material whether Mrs. Dunham voted on the amendment, since her stock is not involved herein.
*341 We need not consider if a charter amendment which is defective as to form may be validated by acceptance for filing by the Secretary of State. In any event, we are of the opinion that the amendment forms a valid and binding contract among the shareholders who assented to its adoption. See Article 445, Civil Code. It would be manifestly unjust for the shareholders of the corporation to be deprived of the protection afforded by Article X because of the failure of the President to perform a ministerial duty.
We are of the opinion, however, that the trial judge erred in his interpretation of Article X. As we view it, the amendment provides that stock must be offered to the corporation under three sets of circumstances: first, upon the death of a shareholder; second, when a shareholder withdraws from or becomes inactive in the business of the corporation; and third, when a shareholder wishes to sell all or part of his stock. In all three cases, the procedure to be followed is set forth in the second and following paragraphs of the amendment. We do not believe that the obligation to offer the stock in the case of death of a shareholder is in any way modified by the language of the amendment which reads: "No shareholder may sell any stock of this corporation, etc . . ." The trial judge interpreted this language as making it mandatory for the executrix to offer the stock to the corporation only if she planned to sell it to a third party. We think this interpretation has the effect of rendering the first paragraph of Article X meaningless and not in accordance with the obvious intent of the amendment.
The final ground for the exception of no cause of action, and the ground for the exception of no right of action, are based on the proposition that, since the stock must be offered to and not accepted by the corporation before the shareholders have the right to purchase, plaintiffs have no standing to bring this action on behalf of the corporation and no cause of action until the corporation has failed to accept the offer.
Plaintiffs allege that they orally amended their pleadings at the hearing on the exception to cure this alleged defect, but that the trial judge did not consider the amendment, or give them the opportunity to amend thereafter. Of course, oral pleadings are not recognized in our Code of Civil Procedure and there was no apparent necessity for permitting proper amendment since the exception of no cause of action was sustained principally on the ground of the interpretation given Article X by the trial judge. However, since we disagree with the interpretation placed on Article X below, plaintiffs must now be given the opportunity to amend their petition in the foregoing respects. Article 934, Code of Civil Procedure.
The judgment appealed from is therefore reversed and set aside; plaintiffs are granted a period of fifteen days from the date this judgment becomes final within which to amend their petition, and the case is remanded to the trial court for further proceedings in accordance with law. All costs of this appeal shall be paid by defendant Katharine O. Dunham, Testamentary Executrix of the Succession of Ted F. Dunham, Sr., and all other costs shall await the final determination of this case on its merits.
REVERSED AND REMANDED.